GEORGE HEROD v. THE STATE.

No. 1919. Decided March 14, 1900.

**1. Sunday Law—Evidence.**

Where one of the counts in the indictment was for opening and keeping open his place of business for the purpose of trade and traffic, it was competent to prove by a witness that he had bought whisky from defendant on the alleged Sunday.

**2. Witness—Impeachment.**

It is not competent to attack the credibility of a witness by asking him if he was not afflicted with a loathsome disease.

**3. Defendant as Witness—Impeachment.**

A defendant testifying in his own behalf may be cross-examined as to any matter affecting his credibility.

**4. Misdemeanor—Indictment—Counts—Election.**

Where the case is a misdemeanor and the indictment contains two allegations, either of which if found true would constitute an offense, the State can not be compelled to elect upon which a conviction would be claimed.

APPEAL from the County Court of Limestone. Tried below before Hon. A. J. HARPER, County Judge.

Appeal from a conviction of a violation of the Sunday law by keeping open a house of business for trade, traffic, and sale, and selling whisky; penalty, a fine of $20.

No statement necessary.

No brief for either party on file with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged with "unlawfully keeping open, and permitting his store and place of business to be open, for the purpose of trade and traffic and sale;" also, that "he did then and there sell and barter goods, to wit, whisky, to one Gordon Onstadt; and being then and there a merchant and grocer engaged in the sale of liquors," etc., "and said sale being upon Sunday, January 1, 1899." He was found guilty, and the jury assessed his punishment at a fine of $20. We do not think the court erred in refusing to quash the indictment, as the same is in the usual form, and is a good indictment.

Appellant complains that the court permitted Dock Daugherty to testify that he had been in the place of business run by George Herod on Sunday, January 1st, and at other and different times, and, by another bill, complains of the court permitting George Burris to testify that he had bought whisky from defendant on Sunday, January 1, 1899. This testimony was admissible on the issue of keeping the saloon open, which was one of the counts in the indictment. The question involved in this matter was decided in Brown v. State, 38 Texas Criminal Reports, 597, and we said: "Concede, for the argument, that the jury may not have believed Sadler when he swore that he

bought whisky, or that a sale was made to him; yet it can not be questioned, when all the facts are taken together, that the saloon was open for the purpose of business on Sunday. All the testimony in relation to sales to other people of beer and whisky introduced on the trial of this case was competent to establish the fact that the house was open on Sunday for the purpose of engaging in the business. This is a misdemeanor, and the indictment contains two allegations, either of which, if found true, was an offense. The State was not bound to elect upon which count to proceed, because the statute provides, if he is proved guilty of either, he could be legally convicted, and it is not necessary for a different state of facts to be set forth in separate counts." It follows, therefore, that this testimony complained of by appellant was germane and pertinent to the issues alleged in the indictment, and the offense with which appellant was tried.

Bill number 4 complains of the court's refusal to permit appellant to ask witness if he was not sick with a loathsome disease. We think the court acted properly in refusing to permit this testimony to be introduced. It certainly was not an issue germane to the credibility of the witness, or any other issue in this case.

Appellant complains because the county attorney asked defendant, while on the stand, if he did not keep his place of business open for the purpose of traffic and trade on December 25, 1898,—said day being Sunday,—and other questions going to show that appellant was violating the Sunday law. When appellant takes the stand, he occupies the position of any other witness, and can be cross-examined on any matter going to affect his credibility.

Bill number 8 complains of the refusal of the court to force the State to elect upon which count and offense the State relied for a conviction. The quotation from Brown v. State, supra, decided this matter against appellant. Being a misdemeanor, the State could prosecute under either count of the indictment, and appellant could be convicted under the count supported by the evidence. The court did not err in refusing appellant's request.

Complaint is also made of the court's charge. We have examined the same, and must say that the various complaints urged by appellant are not well taken, but the charge, taken as a whole, is a correct presentation of the law applicable to the facts of this case. Nor do we think the court erred in refusing to give appellant's special charges. Finding no error in the record, the judgment is affirmed.

*Affirmed.*