VERNON CHILDS, ALIAS SOMERS, V. THE STATE.

No. 4382. Decided March 7, 1917.

Rehearing denied April 4, 1917.

1.—Theft of Automobile—Charge of Court—Objections—Purchase—Recent Possession.

Where the objections to the charge of the court are not called to the attention of the court before the charge is read to the jury, but not until the motion for new trial was filed, they can not be considered on appeal; besides, the

court's charge on recent possession and purchase was substantially correct. Following Wheeler v. State, 34 Texas Crim. Rep., 350, and other cases.

**2.—Same—Representation by Counsel—Record on Appeal—Practice on Appeal.**

The law has not made an exception in favor of the defendant who is not represented by counsel to make his objections to the charge of the court before it is read to the jury. Neither can this court consider the contention that the charge was not presented to the defendant at the trial; in the absence of such a showing in the record.

Appeal from the District Court of Wharton. Tried below before the Hon. Sam'l J. Styles.

Appeal from a conviction of theft of an automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Heidingsfelders,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of an automobile, his punishment being assessed at two years confinement in the penitentiary.

There are no bills of exception in the record. In the motion for a new trial there are some criticisms of the charge. Some of these would have been sufficient to have required a reversal, doubtless, if called to the attention of the court before the charge was read to the jury, but this was not done and nothing said about it until the motion for new trial was filed. These are not of such fundamental character as is recognized under the statute requiring a reversal in the absence of exceptions taken before the charge was read to the jury. To illustrate, appellant was on the stand, and testified to his having been arrested under charge of theft of automobiles at other times and places than that charged in the indictment. There was no limitation of this testimony, but there was no exception to the charge on this matter. In the motion for new trial the charge is also criticised because it did not inform the jury that if appellant bought the machine, which was his account of possession of it, or if they had a reasonable doubt of it they would acquit. The court gave a charge, which has been approved by this court, in this connection submitting his reasonable account and explanation of his possession. Wheeler v. State, 34 Texas Crim. Rep., 350; Branch's Ann. Penal Code, pp. 1334-1335. It was not really necessary to have given it in the other form, that is, charging them that if they believed he bought it, or had a reasonable doubt of it, they would acquit. The charge given sufficiently presented that matter. We think the evidence fully justified the verdict, and the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

April 4, 1917.

DAVIDSON, PRESIDING JUDGE.—At a former day of the term the judgment herein was affirmed. Motion for rehearing is filed presenting again the alleged errors in the court's charge. It may be a sufficient answer to all these matters that there was no exception taken to the charge of the court at any time except on motion for new trial, as evidenced by the record. Under the late statute it is necessary that, unless there be fundamental error, exception be taken to the charge before the argument is begun. This, of course, requires the court to charge the jury before argument.

Among other things it is contended that appellant set up the fact that he purchased the auto in question. The record shows that appellant claimed the auto by purchase and so testified on the trial. This was his account of possession. The court instructed the jury in language and approved form with reference to his explanation of possession of stolen property as set out in Wheeler v. State, 34 Texas Crim. Rep., 350. That case has been followed in a great number of cases, all of which will be found in volume 5, Rose's Notes, in the annotation of the decision in the Wheeler case. There have been other decisions rendered to the effect that a simpler and as correct a way would be to inform the jury directly as to what the explanation was, and if it was true, or there was a reasonable doubt about it, they should acquit. Had the court followed those decisions he would have charged directly that if the jury believed appellant bought the auto, or there was a reasonable doubt as to whether he did or did not, they should give him the benefit of the doubt and acquit him. The form given by the court has been approved in an unbroken line of cases wherever that charge has been required as sufficiently presenting the matter.

We note the fact that appellant was not represented by counsel in the trial, otherwise these exceptions to the charge would doubtless have all been properly taken and presented, but the law has not made an exception in favor of the accused who is not represented by counsel, and this court would not feel justified in engrafting this exception on the statute. It might be worthy of consideration by the court, when looking at the case, to see that as near as is possible a fair trial has been awarded.

The failure of the court to give a charge with reference to purchase was not excepted to at the trial except in the motion for new trial. It is recited in the motion for rehearing that the court may not have read the charge to the jury as required by law, or presented it to the defendant for the purpose of his noting exceptions. There is nothing in the record that shows or indicates that the court failed to comply with the law in these respects. Of course, if it was shown and verified so this court could act upon it, that the charge was not read to the jury or given to the defendant as required by the statute, we would have a

very serious question, and one that would require this court to reverse. But the record does not sustain that view of appellant's motion.

The motion for rehearing, therefore, will be overruled. .

*Overruled.*