JUAN AND DAN FLORES v. THE STATE.

No. 5452. Decided November 19, 1919.

1.—Fence Cutting—Charge of Court—Penalty—Fundamental Error.

Where, upon trial of felony fence cutting, the court instructed the jury that if they found defendants guilty, the punishment should be not less than two nor more than five years'confinement in the penitentiary, and the j·ry found defendants guilty and fixed their punishment in the penitentiary at two years, the same was fundamental error, although not objected to at the time, as the statutory punishment is confinement of one to five years.

2.—Same—Enclosure—Dedication—Fence Cutting.

Where the contention on appeal from fence cutting was that some of the land, within the enclosure around which the alleged fence was cut, had been dedicated for streets, but there appeared no evidence in the record that such streets had been used by the public, etc., the question will not be reviewed.

Appeal from the District Court of Sutton. Tried below before the Hon. James Cornell, judge.

Appeal from a conviction of fence cutting; penalty two years imprisonment in the penitentiary.

The opinion states the case.

*Anderson & Upton, Wardlaw & Elliot,* for appellant.—On question of charge of court: Clay v. State, 73 Texas Crim. Rep., 78, 164 S. W. Rep., 1; Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W. Rep., 726; Childs v. State, 81 Texas Crim. Rep., 21, 193 S. W. Rep., 664; Clayton v. State, 78 Texas Crim. Rep., 158, 180 S. W. Rep., 1089; Debth v. State, 80 Texas Crim. Rep., 4, 187 S. W. Rep., 341.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Juan and Dan Flores, and one Simon Campos, were convicted in the District Court of Sutton County, of the offense of fence cutting, and were sentenced to two years confinement in the penitentiary, from which conviction the Flores have appealed to this Court; but the sentence against Campos having been suspended, no appeal was taken by him.

There is one bill of exceptions which effectually disposes of this appeal, and presents substantially the state of facts hereinafter set forth.

On the trial, the court instructed the jury that if they found appellants guilty, the punishment awarded should be not less than two nor more than five years confinement in the penitentiary. This charge was not excepted to, and the jury found appellants guilty, and fixed their punishment at two years confinement . Subsequently it was discovered by counsel for appellants that the statutory punishment was confinement from one to five years, and within two days after the rendition of said verdict a motion for a new trial was filed by said counsel, based in part upon the said misstatement of the punishment. It is made to appear that the jury which tried the case had been discharged, and had separated, and the inference is that they had been discharged for the week, although this latter statement would make no difference. After the filing of said motion. the trial court reassembled said jury, and stated to them, in a charge set forth, that he had made the aforesaid mistake, and they were directed to consider again, under a correct statement of the punishment, what term of imprisonment should be allotted to these appellants; they promptly returned a verdict fixing the same at one year's confinement.

It is further made to appear that there was offered to appellants and their counsel, the option of accepting under either of said verdicts, which verdict they should choose, and upon their refusal to indicate which, the court overruled appellant's motion for a new trial, and sentenced them to two years confinement in the penitentiary, under the first verdict referred to.

Since the passage of the present articles 735, 736 and 737, this Court has adhered to the rule that errors in charges not properly excepted to will not be considered by us unless the same be fundamental. Sampson v. State, 78 Texas Crim. Rep., 432, 181 S. W. Rep., 193; Debth v. State, 80 Texas Crim. Rep., 4, 187 S. W. Rep., 341; Childs v. State, 81 Texas Crim. Rep., 21, 193 S. W. Rep., 664.

Misdirection of the jury in a felony case is held to be fundamental error in every case where the same results in the infliction of a greater penalty than the minimum fixed by law.—Branch's Ann. Penal Code, p. 330; Sec. 644. In the instant case, there can be no question as to the injury from said incorrect statement of said penalty in the charge. This fact could not be more forcibly shown than

results from the statement that the same jurors who gave appellants two years punishment when they thought that the minimum reduced said punishment to one year when told by the court, upon recall, that the minimum punishment was one year, notwithstanding which fact the sentences imposed were under the first verdicts, as stated.

Another question is raised by the record, in that there is some evidence showing that within the enclosure whose fence is alleged to have been cut by the appellants, were certain properties which had theretofore been dedicated by the owners to the public as additions, and contained alleys and streets. It is not shown by any evidence that there had ever been any acceptance by the city of Sonora, or the authorities thereof, or the public, of any such dedication; nor are the terms of such dedication shown; nor does any evidence attempt to set up that the said streets and alleys had ever been used by the public, or that said dedication, if any, had ever been recognized in any way; nor is it shown that the places where the said fence was cut were in said portions claimed to be streets and alleys. In this condition of the record, we do not think this contention presents any question upon which our judgment is invoked. In view of the fact that there must be another trial, we forego further discussion of the other questions presented.

For the error pointed out, the judgment of the trial court will be reversed and the cause remanded for another trial.

*Reserved and remanded.*