Will Brown v. The State.

No. 5860. Decided October 27, 1920.

1.—Murder—Appeal Bond—Approval—Practice on Appeal.

Where the appeal bond was not approved by the trial judge, the same was insufficient. However, where the defect therein was corrected, the appeal is reinstated upon its merits.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of murder and conviction of said offense, the evidence was sufficient to sustain the same, there was no reversible error.

3.—Same—Requested Charge—Bill of Exceptions.

Article 735, C. C. P., requires exceptions taken to the charge of the court to be in writing, and where the bill of exceptions did not present the matter in such a way that this court can review it, there was no reversible error.

4.—Same—Continuance—Second Application—Want of Diligence.

Where, defendant's second application for continuance showed a want of diligence, there was no error in overruling same.

5.—Same—Charge of Court—Bill of Exceptions.

Where the bill of exceptions is signed with the statement that no objections to the charge were filed, the same cannot be considered on appeal, under Article 735, C. C. P.

6.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions to certain testimony did not show that any answer was made to the question propounded, the same is too indefinite and cannot be considered on appeal.

7.—Same—General Reputation—Evidence—Rule Stated.

General reputation as to the conduct of the deceased in visiting the defendant's home improperly, from talk in the community, was properly excluded by the court.

8.—Same—Evidence—Reputation.

Where, defendant had placed his reputation in issue for being a peaceable and quiet man, there was no error in permitting the State to show that he was convicted of aggravated assault recently.

9.—Same—Evidence—Reputation.

There was no error in excluding testimony that the defendant was extra obedient and kind and humble to white, people, the object of such testimony not being shown.

**10.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

Where, upon trial of murder, while defendant's witness was testifying on cross-examination, he was asked whether he knew whose pistol it was which was shown to him and which had been lying on table before counsel in the presence of court and jury, to which the witness answered he did not. This was not reversible error.

**11.— Same—Evidence—Rebuttal—Husband and Wife.**

Where defendant complained of his cross-examination by the State, with reference to family matters and troubles, but the record showed that these were not privileged communications and were known to other witnesses in the case, there was no reversible error to such cross-examination, the defendant having testified thereto in the first instance.

**12.—Same—Suspended Sentence—Evidence—Reputation.**

Where, defendant pleaded for a suspended sentence, there was no error in permitting the State to show that he had been convicted of other offenses and misdemeanors.

**13.—Same—Evidence—Practice in the District Court.**

Under the Statutes the court was authorized to permit the introduction of State's testimony after the general testimony had been closed and before argument begun.

Appeal from the District Court of Upshur.    Tried below before the Honorable J. R. Warren.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Briggs & Briggs,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This is an appeal from a murder conviction from Upshur county.

An inspection of the record discloses that the appeal bond is insufficient in that it is not endorsed and approved by the trial judge. The statute requires that where notice of appeal is given to the court of Criminal Appeals a recognizance must be taken in term time, and in default of that a bond can be taken in vacation, but when so taken it must be approved by both the officer having him in charge and the trial judge who presided over the trial.

The bond is insufficient and the appeal must, therefore, be dismissed.

*Dismissed.*

October 27, 1920.

DAVIDSON, PRESIDING JUDGE.—Within proper time after the dismissal of the appeal dring the last term of court appellant filed his motion to reinstate, which covers the defect pointed out in the dismissal. We think, therefore, appellant is entitled to have his case reinstated and decided upon the record.

This is a murder conviction with seven years penalty attached. It is not the purpose of this opinion to review the sufficiency of the testimony, which we think, is sufficient to justify the conclusion reached by the jury.

The first bill of exceptions is reserved to a charge given the jury at the request of the State. This charge was written and request made that it be given the jury after the court's main charge had been written and submitted to defendant's lawyers. Several reasons are stated in the bill why the charge was wrong, but the court qualifies this bill with the statement that this charge was given at the request of the State after it had first been submitted to defendant's counsel. "No written objection was filed to the special charge. Counsel may have objected orally, but if' they did so I have no recollection of what the objections were." This is signed by the presiding judge. The bill, therefore, is not sufficient to require consideration. Art. 735, C. C. P., requires exceptions taken to the charge must be in writing. Therefore, we are of opinion the bill does not present the matter in such way that the court can review it.

The second bill was reserved to the failure of the court to grant a continuance. This was an application for a second continuance as shown on the face of it and as shown by the judge's qualification. This bill is signed with this explanation: "The record shows that said cause was continued at the previous term of court, to-wit: July Term, 1919, for the same witnesses. No effort is shown to have been made to procure the attendance of said witnesses until January 14, 1920." The court at which the case was tried convened on January 12th. We are of opinion that the bill shows a want of sufficient diligence to procure the testimony of the absent witnesses. It is unnecessary to discuss the bill as to its merits.

The third bill of exceptions was reserved to the court's charge on self-defense. This bill is signed with the statement that no objections to the charge were filed. Under the provisions and requirements of Art. 735, C. C. P., we think these objections are not presented so as to be considered.

The fourth bill of exceptions recites that the State's witness Carter, after being asked several questions on cross-examination and making replies, was then asked this question: "How long have you lived around in the community?" He answered: "Two or three years."

"Q. About two or three years. Did you know at that time Willis Richardson's reputation in that community for running after women? (To this the State's objection was sustained.) Q. Did you know Willis' reputation in that community for being a woman chaser?" The State's objection was sustained to this question, and appellant excepted to the ruling of the court in both instances. The answer is not stated, nor does the bill set out what was expected to be proved by the witness. The witness might have answered favorably or unfavorably, but the bill does not show, therefore it is too indefinite.

After examining the witness Ramon Richardson on direct and cross-examination, the witness was asked upon re-direct examination: "Do you know how long Willis Richardson had been visiting improperly his home? A. No sir. Q. Hadn't that been about three years? A. Yes sir. I suppose it had, yes sir. Q. From the talk in the community? Mr. Maynor: We object to that, 'From the talk in the community.' Court: Yes, I sustain that." To this action the appellant objected because same was material to defendant's rights in said cause. We are of opinion this bill fails to show any error. The witness could have answered that he knew how long the deceased Richardson had been visiting appellant's home improperly, if he knew such to be a fact, but it seems from the question that this was largely from conversations and talk in the community. It would not be proper for him to prove this matter by hearsay evidence or by common reputation. The court sustained the objection to the question asked as to the talk in the community. We are of opinion the court committed no error in this matter.

The sixth bill of exceptions recites that after Mr. Tilman had testified for the defendant on direct examination that defendant's reputation for peace and quietude was good as well as for being a law-abiding citizen, upon cross-examination the following occurred: "Don't you know that he stayed in jail here six months and nobody would pay his fine to take him out? A. No sir." Appellant objected because it did not involve moral turpitude, which objection was overruled. Without following this bill of exceptions and this matter further, it seems to be a conceded fact that appellant had shot another negro, and under the accusation of assault with intent to murder had been convicted of an aggravated assault, and part of his punishment was incarceration in the county jail. We are of opinion the State had a right to prove this matter, in view of the fact that appellant had placed his reputation at issue for being a peaceable and quiet man as well as a law-abiding citizen. Upon re-direct examination this bill further shows that his counsel asked if appellant was not a good, honest working negro. The answer was "Yes sir," but this seems to have been excluded. "Q. I will ask you among the white people if it is not notoriously his reputation he had a reputation of being extra obedient and kind and humble to white people?" The objection of the State was sustained, and the answer is not given.

We are of opinion that even had the answer been favorable to appellant, the court did not err in excluding it. The object and purpose of proving this is not stated except by the question itself, that he was extraordinarily obedient, kind and humble to white people.

Another bill shows that while Tom Richardson was testifying on cross-examination by the State, he was asked: "You know whose pistol this is here (meaning the pistol exhibited to the witness by the district attorney, and which had been lying upon a table before counsel and in the presence of the court and jury and which had been theretofore alluded to and referred to by counsel.) A. No, sir, I couldn't tell you. Q. You know where Will Brown got that pistol? A. No sir, I didn't know nothing about the pistol at all, didn't know that he had one." Appellant objected to this, there being no issue as to whether or not the defendant did the shooting, and this only served to prejudice the rights of the defendant before the jury. The answer given is not definite, and the pistol was not identified as the one with which appellant shot deceased. The witness simply disclaimed any knowledge of the pistol, or the fact that appellant had one. This could not be injurious to the accused.

There is another bill which sets out at some length questions and answers in which appellant was examined and cross-examined with reference to family matters and troubles. Usually this character of evidence would be inadmissible if they were private matters between defendant and his wife, or private communications from one to the other. These matters, however, do not seem to be of that nature. These were matters about which other witnesses seemed to be cognizant and in which they participated. A portion of this bill recites that there was placed in evidence the fact that the wife owned some land and defendant may have executed notes or undertook to handle the land in some way financially, and in doing so executed notes. This was denied, but it does not involve private communications or privileged communications between husband and wife. These matters were permitted under the explanation of the court as tending to show that defendant and his wife were separated and had been for several years, he visiting her occasionally. Appellant testified on direct examination, in substance, that he loved his wife, and that they were not separated, and that deceased was the cause of the only trouble between them. The testimony complained of in this bill was in rebuttal of that issue made by appellant. For this purpose the matters as shown in the bill were admissible. These matters were not proved by the wife, but appellant was asked with reference to them and the fact that he had been separated from his wife and gave other reasons than those he gave in connection with deceased and his supposed intimacy with his wife. Had the appellant not testified to the relations between his wife and himself, and there had been no other trouble than that brought about by deceased, this testimony may not have been admissible, but as he had so testified, we are of opinion the

State had a right to show there were other troubles and in this way impeach or attack the veracity of defendant and truthfulness of his statements.

While appellant was on the stand quite a number of questions were asked him with reference to whether he had ever been convicted of other offenses, and whether he had not been in jail for shooting another negro and convicted of aggravated assault, and also with reference to other misdemeanors, gambling and a few things of that sort. The court admitted that on the theory that appellant had filed a plea for suspended sentence, and this was attacking his character in that respect. There was no error.

The remaining bill was reserved to the action of the court permitting testimony to be introduced after the testimony had closed and before argument begun. Under the statute we are of opinion the court had authority to do this. The statute authorizes testimony to be introduced when it serves any useful purpose in the due administration of justice, and we are not prepared to say this was error.

The judgment will be affirmed.

*Affirmed.*