### Alex Jones v. The State.

No. 8516.    Delivered Nov. 24, 1924.

Rehearing granted, Jan. 14, 1925.

#### 1.—Assault to Murder—Recognizance—Not in Record.

We find no recognizance in the record. There is an appeal bond which is approved by the sheriff, but not by the District Judge. The law requires the approval of both. The appeal is therefore dismissed.

ON MOTION FOR REHEARING.

A sufficient appeal bond having been filed, the appeal is reinstated.

#### 2.—Same—Charge of the Court—Provoking a Difficulty—Not Warranted.

The court charged the jury on the law of provoking a difficulty. Appellant by proper exceptions questioned the propriety of submitting this issue, and that the instructions given were not accurate. If we understand the record, Butts, the assaulted party, fired two shots before appellant fired any, and at the time appellant fired, Butts was armed with his pistol, and was firing at appellant or was endeavoring to do so. When the first and second shots were fired by Butts, appellant was unarmed. The shots fired by the appellant were after he had been assaulted, and when his adversary was wounded, appellant fired no more. The charge on provoking the difficulty, under the facts was error.

Appeal from the District Court of Gregg County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for assault to murder; penalty, three years in the penitentiary.

*W. C. Shoultz,* of Longview, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault to murder; punishment fixed at confinement in the penitentiary for a period of three years.

We find no recognizance in the record. There is an appeal bond, which is approved by the sheriff but not by the district judge. The law requires the approval of both. See Art. 904, C. C. P.; Brown v. State, 88 Texas Crim. Rep., 55; Wells v. State, 150 S. W. Rep., 1163; Chumley v. State, 83 Texas Crim. Rep., 54; King v. State, 83 Texas Crim. Rep., 304; Johnson v. State, 83 Texas Crim. Rep., 376; Gray v. State, 88 Texas Crim. Rep., 1; Hunt v. State, 82 Texas Crim. Rep., 471.

In the absence of a recognizance or an appeal bond approved as the law requires, this court is without jurisdiction to pass on the merits of the case. The appeal is therefore dismissed.

*Dismissed.*

### ON REHEARING.

MORROW, PRESIDING JUDGE.—A sufficient appeal bond having been filed, the appeal is reinstated.

J. J. Butts, a constable, in company with E. A. Morgan, the owner of an execution for $38.00 against the appellant, went together in an automobile to the home of the appellant. He and his wife were in the cow-pen which we understand from the record was about 100 yards from the dwelling-house. After some conversation, appellant went to his dwelling-house, and as he approached it, two pistol shots were fired at him by Butts. One of them struck his clothes but did no damage to his body. After entering the house, appellant fired his shotgun twice at Butts. Small shots from the gun struck and wounded Butts. Touching these matters there was no conflict of evidence. As to some of the other matters the evidence of the State and that of the appellant is somewhat at variance. According to the State's evidence, after appellant indicated that he could not pay the debt mentioned, Butts told him that he was an officer of the law and would attach the cotton. Appellant stated that he had something in his house which would prevent them from taking his property and started to go in the direction of his dwelling. Butts attempted to prevent him from doing so when the appellant's wife interfered. As he was going in the direction of his house, Butts told him to stop; that if he did not stop he would be shot. When appellant reached a point near his yard gate, Butts fired at him, and as he entered the door, Butts fired at him again. Both of the shots struck the dwelling-house. As he came out of his house with a shotgun in his hand, Butts fired at appellant again. After

Butts was wounded, appellant permitted him to leave the premises without further molestation.

In instructing the jury, the court, among other things, used this language:

"You are further instructed that as a part of the law in this case and as a qualification of the law of self-defense that one who brings on a combat with a deadly weapon with the intention and for the purpose of taking life, cannot justify any assault he may make in self-defense although his life may be put in peril.

Therefore, you are instructed, if you shall find from the evidence beyond a reasonable doubt, that the defendant started towards his house with the avowed intention and purpose of procuring his gun and with the intention and purpose of making an assault upon said Jesse Butts that would produce death or serious bodily injury, and that while he was in the act of procuring his gun or in the act of making an assault upon the said Jesse Butts with said gun, that the said Jesse Butts fired at the defendant, and that the said defendant did then and there shoot the said Jesse Butts for the purpose of saving himself from said injury or death, then the said defendant cannot claim the right of self-defense under such circumstances."

By proper exceptions the appellant questioned the propriety of submitting the issue of provoking the difficulty and insists that if, on the facts that issue was raised, the instruction given was not accurate. In the same and other paragraphs of the charge, the court instructed on the law of self-defense, and upon the issue of aggravated assault grounded upon adequate cause; also upon the abandonment of the difficulty. It is believed that the charge on provoking the difficulty was not called for by the facts. Appellant denied that he went to his house for arms to prevent the levy or the use of any language from which such intent could be implied. Assuming, however, that he used the language and pursued the course of conduct attributed to him by the State's witness, to our minds it does not suggest that it was his purpose to provoke an attack from Butts in order that it might be made a pretext for killing him. These elements were essential to raise an issue, the submission of which appears to have been attempted. Mason v. State, 88 Texas Crim. Rep., 646. If the facts warranted, however, the submission of the issue, the charge submitting it should have called upon the jury to determine whether it was the appellant's intent to provoke his adversary to make the first overt act and whether his conduct or words were reasonably calculated to that end and were used for the purpose of furnishing a pretext for taking the life of his adversary. Roberson v. State, 83 Texas Crim. Rep., 239; Mason v. State, supra, and cases therein cited. If Butts were on trial for shooting at the appellant, the words and conduct used by him, viewed from the standpoint of Butts, might have justified an assault by him, but but it is conceived that upon the appellant's trial the evidence does not present a case in which he was deprived of the right of repelling the

force used by Butts.   If his words and conduct were such as Butts describes, they might, in the opinion of the jury, have impaired the appellant's right of self-defense to a degree that justified his conviction of aggravated assault.· Carlile v. State, 96 Texas Crim. Rep., 41. If we understand the record, Butts fired two shots before the appellant fired any, and at the time the appellant fired, Butts was armed with his pistol and was firing at the appellant or was endeavoring to do so.   When the first and second shots were fired by Butts, appellant was unarmed.   According to his testimony, Butts believed that the appellant intended to arm himself and prevent the removal of the cotton from his premises.   The shots fired by the appellant were after he had been assaulted, and when his adversary was wounded, appellant fired no more.

For the reason stated, it is believed that in instructing the jury the learned trial judge fell into error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*