FEDERICO LEAL v. THE STATE.

No. 12372.   Delivered April 17, 1929.
Appeal reinstated May 15, 1929.

The opinion states the case.

*Canales & Eidman* of Brownsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, five years in the penitentiary.

The State's Attorney has filed a motion to dismiss this appeal because the appeal bond appearing in the transcript, which shows to have been filed after the term ended at which appellant was convicted, was not approved by the Sheriff. This is made indispensably necessary by the terms of Art. 818, C. C. P. Under these circumstances this Court is without jurisdiction. Jones v. State, 99 Tex. Crim. Rep. 50; Miles v. State, 92 Tex. Crim. Rep. 547.

The State's motion is granted and appeal dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MARTIN, JUDGE.—Proper showing has been made that the appeal bond exhibited in the transcript was in fact approved by the Sheriff and that the omission referred to in the original opinion was an error of transcription. Upon motion of appellant the appeal is reinstated and will be considered on its merits.

The deceased, Jose Moreno, was killed at a Mexican dance by appellant. Testimony for the State tends to show that deceased in company with others was sitting in a car leaning forward with his head on his hands when appellant walked up to him and without any provocation shot him with a pistol. The testimony for the appellant tended to show that the deceased had a short time prior to his death cut and severely wounded the brother of the appellant and had at about the same time cut and stabbed the appellant without provocation or excuse. It is also shown that appellant prior to the killing had been informed that deceased had threatened his life and that at the time of the fatal shooting he applied to the appellant a vile epithet and made a demonstration as if to draw a gun, whereupon appellant, believing his life in danger, shot and killed him. Appellant pleaded self-defense, supporting same by proof of antecedent acts of unlawful violence of deceased, his prior threats and his aforesaid actions at the time of the fatal shooting.

By Bill of Exception No. 6 it is made to appear that in line with his defense appellant offered to testify to a conversation with his brother, who had been seriously wounded by deceased, to the details of such occurrence. Appellant did not witness this trouble between the two and would have testified in substance that after his brother became conscious and prior to the killing, he told him in effect that deceased without any warning or provocation and without the ex-

change of any words leaped upon him and cut a long gash from his shoulder almost to his left elbow, whereupon he ran. Deceased pursued and slashed his abdomen with a razor, causing his intestines to protrude from his abdomen, and that all this was done without deceased uttering a word. To this testimony the State objected, because appellant's brother was available to him as a witness, which objection was sustained. Appellant had testified to his knowledge of the difficulty but was not permitted to get before the jury the details which showed the violent character of deceased. The details as communicated to appellant, we think, were admissible as affecting his conduct at the time of the killing. That deceased had violently attacked appellant's brother was proven, but the real fact which might have affected appellant's course of conduct later, to-wit, the unprovoked character of the assault, which illustrated to appellant the dangerous character of the deceased, was excluded. The difficulty between the two was not admissible unless known to the appellant. The Court excluded the most material portion to which appellant was entitled. It was what appellant knew and believed that was the admissible part of the transaction.

It has been stated:

"If self-defense is an issue, defendant may prove anything known to him prior to the homicide about deceased as going to show why defendant acted. Proof of specific acts of unlawful violence committed by deceased on others is admissible, if defendant knew of them prior to the homicide, to show who was probably the aggressor, and to show the state of mind of defendant, and to shed light upon the standpoint of defendant at the time of the homicide." Russell v. State, 11 Tex. Crim. App. 288; Branch's P. C., P. 1175. See also Patterson v. State, 56 S. W. 59; Ball v. State, 14 S. W. 1012; Childers v. State, 16 S. W. 903; Poer v. State, 67 S. W. 500; Dodson v. State, 70 S. W. 969; Cole v. State, 88 S. W. 341.

Appellant tendered his brother before the jury and offered to have him exhibit the scars on his body made by deceased at the time of the alleged difficulty. It is recited in Bill of Exception No. 2 that the appellant could have thus rebutted the testimony of the State that the wounds of David Leal, his brother, were slight. If such evidence tends to solve some controverted issue, it is always admissible. Mahaney v. State, 254 S. W. 946. The recitals of appellant's bill do not make it entirely clear that there was any dispute as to the seriousness of his brother's wounds. If there was on the trial any such issue, the offered testimony was clearly admissible.

Errors not discussed are deemèd either to be without merit or are such as will not likely again occur.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.