viction. Mr. Branch cites many cases under section 444 (Branch's Ann. Tex. P. C.) supporting the proposition, among them being Lunn v. State, 44 Tex. 85; Williams v. State, 44 Tex. Cr. R. 316, 70 S. W. 957; Batchelor v. State, 41 Tex. Cr. R. 501, 55 S. W. 491, 96 Am. St. Rep. 791. Among the more recent cases are Simms v. State, 98 Tex. Cr. R. 352, 265 S. W. 897; Sims v. State, 111 Tex. Cr. R. 345, 13 S.W.(2d) 98; Stringer v. State, 110 Tex. Cr. R. 641, 10 S.W.(2d) 721, in all of which many other authorities are referred to. In the light of the bill of exception it is impossible to distinguish this case from the two last cited.

Where the prosecution is for possessing intoxicating liquor for the purpose of sale, we have held many times that proof of sales, not too remote, was relevant on the purpose for which the liquor was on hand. Deshazo v. State, 97 Tex. Cr. R. 490, 262 S. W. 764; Griggs v. State, 99 Tex. Cr. R. 215, 268 S. W. 940; McClendon v. State, 101 Tex. Cr. R. 128, 274 S. W. 159. An election therefore would not have had the effect to withdraw from the case evidence of the transaction other than the one elected upon. It would still be in the case as aiding the jury, if it did, in determining the purpose for which the whisky was possessed by appellant upon the occasion relied upon for conviction.

Believing we were in error originally, the motion for rehearing is granted, judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

---

### ROBINSON v. STATE. (No. 13052.)

Court of Criminal Appeals of Texas. Jan. 1, 1930.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The appeal bond is not sufficient. The approval of the district judge, who presided at the trial, is wanting. See C. C. P. 1925, art. 818; Jones v. State, 99 Tex. Cr. R. 50, 267 S. W. 985.

The appeal is dismissed.

HAWKINS, J., absent.