R. A. FRANKS v. THE STATE.

No. 14357.    Delivered June 17, 1931.
Rehearing Denied October 28, 1931.

The opinion states the case.

*Douglass & McConnell,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, foř the State.

CALHOUN, JUDGE.—Offense, embezzlement of money over the value of $50; punishment, eight years in the penitentiary.

We find no recognizance in the record. There is an appeal bond which is approved by the district judge but not by the sheriff. The law requires the approval of both. See article 818, C. C. P.; Jones v. State, 99 Texas Crim. Rep., 50, 267 S. W., 985; Brown v. State, 88 Texas Crim. Rep., 55, 224 S. W., 1105; Leal v. State, 112 Texas Crim. Rep., 479, 17 S. W. (2d) 1064; Shaw v. State, 113 Texas Crim. Rep., 646, 21 S. W. (2d) 1049.

In the absence of a recognizance or an appeal bond approved as the law requires, this court is without jurisdiction to pass on the merits of the case.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO RE-INSTATE APPEAL.

LATTIMORE, JUDGE.—This case was dismissed at a former term for lack of sufficient appeal bond. We find in the record a duly certified copy of the corrected appeal bond, and the appeal is re-instated and will now be considered upon its merits.

Appellant was charged with embezzlement of some six thousand dollars from the First State Bank of Stinnett, Texas. He entered his plea of guilty, but requested a suspended sentence. The jury assessed his punishment at eight years in the penitentiary. Under the provisions of article 776, C. C. P., there can be no suspended sentence given when the term allotted as punishment exceeds five years.

Complaint is made by three bills of exception, of argument made by the state's attorney in closing its case before the jury. It is set up that the prosecuting attorney said: "A. D. Payne of Amarillo has committed a dastardly crime by murdering his wife." This is the argument

complained of in bill of exception No. 1. Bill of exception No. 2 sets out that later in his address the state's attorney said: "Let men like Payne go." The court instructed the jury in each instance to disregard the statement made. While it is set up in each bill that it was generally known in the town and community where this trial was being had that a man named Payne had murdered his wife by blowing her up with dynamite in Potter county, Texas, some three weeks prior to this trial, and that he had made a confession of his guilt which had been published in the papers, still we must confess our inability to see why we should hold that the remarks set out, unaccompanied by any other statements, or any connection shown or discussed between this appellant and Payne, or any similarity in the offenses charged against them, or any claim by the prosecuting attorney that appellant was related to or that he was the same kind or character of man as Payne, or that because Payne had murdered his wife, he should be given some heavy penalty, and that for the same reason appellant should be likewise treated,—would be reversible error. The suggestion to the jury that Payne ought to be let go,—whatever this meant,—could hardly be construed as an appeal to the jury to give to this appellant a heavy penalty. The fact that Payne had murdered his wife seems in no way to have been used as a reason for, or made the basis for an appeal for, a heavy sentence. No new relevant fact was put before the jury which in any way injured or could affect the rights of this appellant. It is set up in the bill of exception that the facts pertaining to the Payne case were generally known in the community. We perceive nothing in the remarks which could be construed as vilification or vituperation heaped upon this appellant. Each bill is qualified by the statement of the trial court showing when the statements were made the court instructed the jury not to consider same, and that the court did not consider such mere reference to the Payne case as vituperative, vilifying or abusive, and inasmuch as there was no further reference to the Payne case the court did not consider the remarks as authorizing the granting of a new trial. It is further stated in the qualification: "The defendant at the time did not make the objection set out in his bill of exception but merely requested the court to give the written instruction, which he gave." This court so often has occasion to caution district attorneys and to admonish them to stay within the record, inasmuch as complaints such as this put upon the trial court, and, in the last analysis, this court the burden of determining whether the remarks, aside from the record, are such as could be of some perceptible injury to the accused, and such task put upon the trial court and this court, is needless and should in every instance be avoided.

The remaining bill of exception sets up that the prosecuting attorney said to the jury, in substance, that this was the last time he was going to

show any courtesy to these lawyers, since they are like their client and have taken advantage of their sheriff and deputy sheriff and jobbed them and bit the hand that fed them. The objection made was that these remarks were not invited by any argument in the case and were prejudicial and inflammatory, not a reasonable deduction from any evidence, and a direct thrust at the attorneys in the case. A requested instruction to the jury not to consider said remarks was refused by the trial judge who qualifies the bill by saying that the argument complained of was a proper reply to the argument of defense counsel, and was invited and provoked by the defense, and was a reasonable deduction from the evidence in the case, and a proper comment on such evidence. This qualification is in no way objected to or exception taken thereto, and we are bound by it.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*