## ROBERT MITCHELL V. THE STATE.

No. 16595. Delivered April 4, 1934.
Reinstated May 9, 1934.

The opinion states the case.

*Kirby, King & Overshiner* and *Letcher D. King,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery is the offense; penalty assessed at confinement in the penitentiary for five years.

The appeal cannot be considered for the reason that it appears that appellant is on bail and the bail bond fails to comply with the statutory requirement that it contain not only the approving signature of the trial judge but also of the sheriff. See article 818, C. C. P., 1925; also Leal v. State, 17 S. W. (2d) 1064; Franks v. State, 42 S. W. (2d) 1016. The bond in the present instance fails to contain the approval of the sheriff.

In view of the condition of the record, the appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—The defect causing the dismissal of this case having been remedied, the appeal is re-instated and the case considered on its merits.

There are no bills of exception in the record. We think the facts sufficient. Brown testified that appellant offered to take him in his car to a certain place. After going a short distance a co-defendant, Setters, appeared upon the roadside with a grip, apparently seeking a ride. Appellant stopped the car and took Setters in. According to Brown, after they had gone a little way appellant claimed his fan belt was off and his engine hot and got out of his car and gave some kind of signal to Setters, who also got out, and they came up on the side of the car, and appellant presented what appeared to witness to be a pistol, commanding him to throw up his hands, which he did, and while appellant held on witness what appeared to him to be a revolver Setters took from witness his money, a five dollar bill and a one dollar bill. They then directed Brown to get on down the road. He went to the next town and reported the occurrence. Appellant and Setters testified that they got six dollars from Brown, but claimed they got it by means of a card trick. They admitted that they had been going together some time, and that Setters waited beside the road until appellant could go down town and pick up some one upon whom they could play their card trick. They admitted that when appellant brought Brown by in his car that it was a part of their scheme to pretend not to know each other. We think the facts sufficient to meet the allegations in the indictment, which were that appellant by putting in fear of life or bodily injury took from Brown his property. Brown testified that after being ordered to throw up his hands, and while appellant was holding on him what he took to be a pistol, he let Setters take his money because he was afraid they would shoot him if he did not.

The judgment will be affirmed.

*Affirmed.*