**Jerry SETTERS v. STATE.**
No. 16596.

Court of Criminal Appeals of Texas.
April 4, 1934.

Rehearing Denied May 9, 1934.

Kirby, King & Overshiner and Letcher D. King, all of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for robbery; penalty assessed at confinement in the penitentiary for five years.

The indictment is regular. The facts heard in the trial court are not brought up for review. There are no bills of exception complaining of the ruling of the court. No criticism of the trial is presented in any form that would require discussion.

The motion for new trial is not verified and presents no matters of importance.

No error having been perceived or pointed out, the judgment is affirmed.

On Motion for Rehearing.

LATTIMORE, Judge.

Appellant files a motion for rehearing and calls attention to the fact that the court reporter had prepared a statement of facts in his case identical with a statement of facts filed in the companion case of Mitchell v. State, 71 S.W.(2d) 279. A pauper's oath was made in this case setting up that appellant was too poor to pay for a statement of facts,

and the court reporter was directed to prepare a statement of facts herein. Said reporter prepared and filed only a statement of facts, to which our attention was not directed originally. This statement of facts is now on file in the office of our clerk. The facts in this case are identical with those in the case of Mitchell v. State, this day decided.

The motion for rehearing is overruled.

**Joe SEYMOUR, alias Lewis Turner, v. STATE.**
No. 17018.

Court of Criminal Appeals of Texas.
June 20, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful manufacture of intoxicating liquor; penalty assessed at confinement in the penitentiary for two years.

We find in the record the affidavit of the appellant, duly verified, asking that his appeal be withdrawn.

The appeal is therefore dismissed in accord with the request of the appellant.