FRED GARZA v. STATE

No. 28,207. April 4, 1956.

*J. R.* (*Billy*) *Hall,* Littlefield, for appellant.

*Leon Douglas, State's* Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by complaint and information with possession of beer in a dry area for the purpose of sale. He pleaded not guilty and, upon a trial by jury, the court submitted a charge in which the jury was informed of the offense charged and instructed as to the law applicable thereto as follows:

"The defendant stands charged by information with the offense of possession of alcoholic beverages, to-wit: Beer in a dry area for the purpose of sale, alleged to have been committed in the county of Cochran and the State of Texas, on or about the 2nd day of July, 1955. To this charge the Defendant has pleaded 'not guilty'.

"You are instructed that our statute provides, it shall be unlawful for any person to possess in a dry area more than one case containing 24 bottles having a capacity of not exceeding 12 ounces each, or exceeding the equivalent thereof if contained in any other kind of containers.

"Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant did, in the County of Cochran and State of Texas, on or about the 2nd day of July, 1955, have in his possession more than 24 bottles having a capacity of not exceeding 12 ounces each, or exceeding the equivalent thereof in any other kind of container, for the purpose of sale in Cochran County, Texas, a dry area, as charged in the information you will find the defendant guilty and assess his punishment at a fine of not less than $100.00 and not more than $1,000.00, or by imprisonment in the County Jail for not more than one year, or by both such fine and imprisonment."

The jury returned a verdict finding appellant guilty as

charged and assessing his punishment at one year in jail and a fine of $100, and judgment was entered upon said verdict.

Appellant was not represented by counsel at the trial, and no objections were offered to the charge before it was read to the jury.

After the verdict and judgment counsel was employed and filed motion for new trial complaining, among other things, of the court's charge in failing to correctly charge the law "in connection with the charge of the offense of possession of liquor in a dry area for the purpose of sale."

The question, the answer to which will determine whether the conviction should be affirmed or reversed, is: In the absence of an objection to the charge, is the defendant in a position to complain that the jury was authorized to convict him upon findings which do not constitute the offense charged in the complaint and information, or in fact constitute any offense?

Errors in the charge which are not fundamental cannot be considered in the absence of an exception under the statute. Art. 666, V.A.C.C.P.

Unless contrary to the law and the facts, error in the charge will not be treated as fundamentally erroneous. Debth v. State, 80 Tex. Cr. R. 4, 187 S.W. 341, 343.

This rule applies to defendants who are not represented by counsel. Childs v. State, 81 Tex. Cr. R. 21, 193 S.W. 664.

In Moore v. State, 84 Tex. Cr. R. 256, 206 S.W. 683, it was held that a charge authorizing a conviction for any offense other than that charged is fundamental error and exception is not required.

In Gooden v. State, 140 Tex. Cr. R. 347, 145 S.W. 2d 177, the court authorized a conviction for burglary upon a finding that the defendant had the "intent to commit a felony or theft," whereas the indictment charged burglary with intent to commit theft. The error was held to be fundamental and ground for reversal, though as here there was no objection to the charge.

In Shaw v. State, 113 Tex. Cr. R. 646, 21 S.W. 2d 1049, the evidence showed the defendant to be in possession of non-intoxicating liquor, and the court charged upon the prima facie

evidence rule. The charge was held to constitute fundamental error.

Since the repeal of Arts. 662 and 663 C.C.P. and the amendment of Arts. 658 and 659, V.A.C.C.P., by the 53rd Legislature in 1953, the distinction between felony and misdemeanor cases in the matter of the charge and complaints addressed thereto has been largely eliminated. In courts of record a written charge is required and may be attacked by exceptions or by requested charges.

The jury found that appellant possessed more than the equivalent of 24 — 12 ounce bottles in a dry area. The court erroneously informed the jury that this constituted a violation of law, and authorized them to return a guilty verdict without any finding that the bottles or containers contained beer.

It is evident, therefore, that the erroneous charge goes to the basis of the case and is contrary to and fails to state the law under which appellant was prosecuted.

We have reached the conclusion that the error in the charge is of a fundamental nature and requires that the conviction be set aside.

The judgment is reversed and the cause is remanded.