Robert H. HOLMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–00202–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 1, 1984.

H.J. Bernard, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Karen Zellars, Allen Tanner, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DOYLE, BULLOCK and BASS, JJ.

## OPINION

BASS, Justice.

At a jury trial, appellant was convicted of attempted murder, and punishment was assessed at five years confinement.

We reverse and remand for a new trial.

In his first ground of error, appellant contends that the court's charge at the guilt-innocence phase of the trial was fundamentally defective because it failed to require the jury to find that appellant "attempted to cause the death of [W.L.] by intentionally shooting [him] with a gun", as was charged in the indictment.

■ To determine whether the charge is fundamentally defective we look to that part applying the law to the facts of the case. *Lewis v. State*, 656 S.W.2d 472 (Tex. Crim.App.1983). The pertinent portion of the charge instructed the jury:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 31st day of January, 1983, in Harris County, Texas, the defendant, Robert H. Holman, did, with intent to kill the said [W.L.], attempt to cause the death of [W.L.], as set forth in the indictment, then you will find the defendant guilty of an attempt to commit murder.

The language of the indictment was not set out in the charge to the jury, nor was there any objection to the charge.

■ When fundamental error is alleged, we consider the entire charge to determine whether there is error in the charge. The paragraph in which the law is applied to the facts must be construed in light of the other portions of the charge. *Williams v. State*, 622 S.W.2d 95, 96 (Tex. Crim.App.1981). There is also authority for the rule that the portion of the court's charge to which we look in determining whether the charge is fundamentally erroneous is the portion that applies the law to the facts. *Thomas v. State*, 587 S.W.2d 707 (Tex.Crim.App.1979). However, where the paragraph applying the law to the facts omits an essential element of the offense,

an examination of the remainder of the charge, including the abstract definitions, is never sufficient to cure the error caused by the omission. *Hill v. State*, 640 S.W.2d 879, at 882–83 (Tex.Crim.App.1982). Furthermore, even a partial failure to apply the law of the offense to the facts of the case infringes upon an accused's state constitutional rights to due process of law, due course of law, and the right of trial by jury. Such error is "error calculated to injure the rights of a defendant," Tex.Code Crim.P. Ann. art. 36.19 (Vernon 1981), because it prevents the defendant from receiving a fair and impartial trial by jury. *Doyle v. State*, 631 S.W.2d 732, 738 (Tex.Crim.App. 1980).

 Appellant was charged with attempted murder, an inchoate crime which required proof of 1) an intent to commit a specific offense, and 2) a specific act which tended, but failed, to effect the commission of that offense. Therefore, appellant's act was an essential element of the offense. *Ferguson v. State*, 634 S.W.2d 306, 307 (Tex.Crim.App.1982). Had the indictment failed to allege such an act, it would have been fundamentally defective. *Doyle*, 631 S.W.2d at 735.

The state asserts that the charge alleged the specific act, shooting the complainant with a gun, by incorporating the indictment by reference. This approach was rejected in *Bradley v. State*, 560 S.W.2d 650 (Tex. Crim.App.1978). In that theft case, the court held:

> The State is also incorrect in asserting that the charge is proper because it requires the jury to find that the appellant's exercise of control over the property was as set forth in the indictment, and the indictment includes the element without the effective consent of the owner. *Were this the law, there would never be any need for a charge beyond requiring the jury to find that the defendant committed the offense as set forth in the indictment.* (emphasis added).

560 S.W.2d at 652. *See also Hill*, 640 S.W.2d at 882–83.

The omission of a necessary element of the offense from the application paragraph of the charge renders it fundamentally defective. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App.1979); *e.g.*, *Doyle*, 631 S.W.2d 732; *Garza v. State*, 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956).

Appellant's first ground of error is sustained.

We need not address appellants remaining grounds. *Coberly v. State*, 644 S.W.2d 734 (Tex.Crim.App.1983).

The judgment of the trial court is reversed and the cause remanded for a new trial.