David Lee FRANKS, Appellant,

v.

The STATE of Texas, State.

No. 2–81–021–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 16, 1981.

George R. Trimber, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and William Kane, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of murder. The jury found appellant guilty as charged. Appellant pled true to the enhancement provisions of the indictment and punishment was assessed at life imprisonment under the habitual offender statute, V.T.C.A. Penal Code § 12.42(d).

We affirm the judgment of the trial court.

On August 19, 1978, appellant went to the home of the deceased. An argument ensued between appellant and the deceased concerning a debt owed by the deceased to the appellant. Upon hearing an argument and scuffle, deceased's wife fled the house through a window to seek help. When she returned she found the deceased lying in a pool of blood as a result of a stab wound to the abdomen. Deceased died from complications of the wound two months later. The sufficiency of the evidence is not challenged, so the brief fact summary above will suffice.

Appellant's first ground of error attacks the life sentence imposed under the recidivist statute, *supra*, as being cruel and unusual punishment contrary to the Eighth and Fourteenth Amendments to the United States Constitution. Appellant's argument is not novel. In fact, two recent cases have addressed this very issue. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Alvarado v. State*, 596 S.W.2d 904 (Tex.Cr.App.1980). In both cases the Texas statute was found not to constitute cruel and unusual punishment. These cases dealt with "non violent" prior felonies upon which the enhanced sentence was based. Appellant advances the same argument as did his predecessors, namely, that the mandatory life sentence should not be imposed where the previous felonies were "non violent." However, the appellant's third felony was murder, while the third felony in the above cases remained in the so called "non violent" realm. Discussing the latter situation, the Supreme Court in *Rummel v. Estelle, supra,* observed:

"But the presence or absence of violence does not always affect the strength of society's interest in deterring a particular crime or in punishing a particular criminal.... Thus the interest of the State of Texas here is not simply that of making criminal the unlawful acquisition of another person's property; it is in addition the interest, expressed in all recidivist statutes, in dealing in a harsher manner with those who by repeated criminal acts [have] shown that they are simply incapable of conforming to the norms of society as established by its criminal law."

*Id.* at 276, 277, 100 S.Ct. at 1140, 1141. Since the recidivist statute has been found not to be cruel and unusual punishment in cases where *all* the felonies were "non violent", then *a fortiori* it does not impose cruel and unusual punishment where one of the offenses is murder. Appellant's first ground of error is overruled.

By his second ground of error, appellant contends that testimony of a police officer at the scene of the offense, as to a response

made by the deceased, was inadmissible. Officer Patterson of the Fort Worth Police Department testified that he asked the deceased who stabbed him, to which the deceased replied that the appellant had stabbed him. Appellant argues that this testimony was hearsay and inadmissible because a proper predicate for the dying declaration exception had not been laid.

"To render the declarations of the deceased competent evidence, it must be satisfactorily proved:

"1. That at the time of making such declaration he was conscious of approaching death, and believed there was no hope of recovery;

"2. That such declaration was voluntarily made, and not through the persuasion of any person;

"3. That such declaration was not made in answer to interrogatories calculated to lead the deceased to make any particular statement; and

"4. That he was of sane mind at the time of making the declaration." V.A.C.C.P. art. 38.20.

■ Officer Patterson testified that he found the deceased lying in a pool of blood with his intestines and other internal organs protruding through the wound. He further testified that deceased was conscious but extremely weak. The deceased's statement was made rationally and voluntarily and was not the result of a leading inquiry by the witness or any third party. Although there was no direct testimony that deceased thought he was dying, this element was sufficiently established by the testimony as to the severity of the wound which ultimately proved fatal. We find that the proper predicate had been laid to admit this testimony as a dying declaration exception to the hearsay rule. *Munoz v. State*, 524 S.W.2d 710 (Tex.Cr.App.1975). Contrary to appellant's claims, under this exception, it is immaterial that the deceased remained alive for eight weeks. *Whitson v. State*, 495 S.W.2d 944 (Tex.Cr.App.1973). In any event, due to the spontaneity of the statement and its close proximity to the time the crime was committed it would be admissible as a res gestae statement. *Seay v. State*, 395 S.W.2d 40 (Tex.Cr.App.1965). Appellant's second ground of error is overruled.

■ Finally, appellant cites as reversible error the trial court's refusal to grant a mistrial during the State's cross-examination of a defense witness. Appellant contends on appeal that his reputation was put into issue by the State, despite the fact that it had not been placed in issue by the defense. Appellant's objections at trial made no reference to his reputation being placed in issue. "The ground of error presented on review must be the same as the objection raised at trial." *Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex.Cr.App.1976). Additionally, appellant's complaint regarding questions concerning two of his prior residences (towns where federal or state departments of corrections are located) is not supported by any objection at trial. Nothing is presented for review under this ground of error. Accordingly, ground of error number three is overruled.

The judgment of the trial court is affirmed.