**Larry Aaron WILLIAMSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1100–83.**

Court of Criminal Appeals of Texas, En Banc.

July 18, 1984.

Donald M. Brown, Conroe, for appellant.

James H. Keeshan, Dist. Atty. and Peter C. Speers, III, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

ONION, Presiding Judge.

This appeal involves a conviction for murder. After the jury's verdict of guilty, the court assessed punishment at imprisonment for 20 years.

On appeal the Beaumont Court of Appeals affirmed the conviction, holding, inter alia, that the trial court did not err in submitting, over objection, a jury instruction on provoking the difficulty. *Williamson v. State* (Tex.App. No. 09–83–011—Beaumont—Oct. 19, 1983) (not yet published).

We granted the petition for discretionary review to determine the correctness of that portion of the decision below.

The appellant was indicted for the murder of Rick Owen Jamison on or about December 15, 1981.

The record reveals that the deceased Jamison was living at appellant's house at the time of the killing and had several days earlier been convicted of burglary. His burned body was found near appellant's residence about a week later. There were no eyewitnesses to the shooting. Appellant did not testify at the guilt stage of the trial. The State offered most of appellant's extrajudicial confession. The appellant offered the balance—a few phrases omitted by the State.

The pertinent part of the confession before the jury reflects:

"On December 15, 1981 around 7:30 or 8:00 P.M. while at my residence me and Ricky Jamison who I have known about 2½ years and who has lived with me off and on about 7 months got into an argument. Ricky was sitting on my couch by the stero (sic) and I was sitting in a chair on the opposite end and opposite side of the room. We were arguing because I told Ricky he was going to have to leave because I could not afford to feed him, and he was offended that I would put him hitchicking (sic) home. Ricky started getting mad and acted like he was going to jump on me and I said, 'Never attack me physically in my own home after helping you.' Then I said to him 'Aside from all of this my house is not a retreat for thieves who would burglarize my neighbors.' After I said this he reacted violently and lunged for my machete to assault me. When his hand almost reached the machete I grabbed my rifle which was leaning against the wall beside me and shot Ricky one time in the left side of the head right above the ear. Ricky then fell across the couch and then fell to the floor lying face down. I then stood there for a while with the rifle in my hand. I then put the rifle down and wrapped Ricky in a (sic) old quilt to not have as much blood on the floor. I then tied the blanket with a piece of nylon rope. I then drug him outside and to the side of my house by a (sic) outside restroom and covered him up with two pieces of tin. I left him there all that night. The next morning I got up and went to work. On the way home that evening I stopped by Eppinets Gulf at 1485 and Highway 59 and got a truck load of tires. When I got home I drug Ricky's body away from my house about 40 feet. I then laid some tires on the ground and laid him on top of the tires and put some more tires on top of the body. I then put some old tar paper in the tires and set him and the tires on fire. The fire burned all night. The next morning I threw some more tires on the fire and it started burning real good before I left for work[.] I then went to work.

"After the night I shot Ricky at my house I cut the carpet and carpet padding up because it had blood on it. I burned it with the tires and body."

This was the only evidence which bore on the issues of self-defense and provoking the difficulty.

The court charged the jury on the defense of self-defense, but also, over objection that the issue was not raised by the evidence, charged on the issue of provoking the difficulty, which limits the right of self-defense.

"It is error to charge on the issue of provoking the difficulty when the testimony does not raise that issue because it put the defendant in the wrong and is a limitation on the right of self-defense." *Stanley v. State*, 625 S.W.2d 320, 321 (Tex.Cr.App.1981), and cases there cited. See also *Tave v. State*, 620 S.W.2d 604,

605 (Tex.Cr.App.1981), citing *Dirck v. State*, 579 S.W.2d 198, 203 (Tex.Cr.App. 1978); *Garcia v. State*, 522 S.W.2d 203, 206 (Tex.Cr.App.1975).

A jury instruction on provoking the difficulty should not be submitted to the jury unless self-defense is an issue and there are facts in evidence which show that the deceased made the first assault on the defendant and the defendant, in order to have a pretext for killing or inflicting bodily injury upon the deceased, did some act or used some words intended to and calculated to bring on the difficulty. See *Stanley v. State*, supra.

The only evidence, appellant's confession, reflects that he (appellant) and the deceased began to argue after appellant told the deceased he was going to have to leave the appellant's house for the reasons stated. If the appellant did and said all the things mentioned in the confession, it does not raise the issue that it was his purpose to provoke an attack from the deceased Jamison in order that he might have a pretext for killing Jamison.

In *Jones v. State*, 99 Tex.Cr.R. 50, 267 S.W. 985 (1925), the defendant was confronted on his property by constable Butts who ordered the defendant to pay a judgment levied against him. After some discussion, Butts decided that he would attach several bales of the defendant's cotton. Jones (the defendant) was alleged to have stated that he had something in his house that could stop that and he proceeded toward it. Butts fired several rounds at the defendant who went into the house, returned with a shotgun and fired it at Butts. At Jones' trial for assault to murder, the trial court submitted an instruction to the jury on provocation, which could thereby limit the claim of self-defense. This court wrote:

"It is believed that the charge on provoking the difficulty was not called for by the facts. Appellant denied that he went to his house for arms to prevent the levy or the use of any language from which such intent could be implied. Assuming, however, that he used the language and pursued the course of conduct attributed to him by the State's witness, to our minds it does not support that it was his purpose to provoke an attack from Butts in order that it might be made a pretext for killing him."

If it can be said that the defendant did not have the intent to provoke in *Jones*, supra, it is inconceivable that appellant could be deemed to have possessed such an intent from the evidence presented in the case at bar. We cannot agree with the Court of Appeals that the evidence gives rise to a reasonable inference that appellant intended to provoke Jamison into attacking him.[1]

The State argues that even if the trial court did err in submitting the charge on provoking the difficulty, such error was harmless because under the evidence appellant was never entitled to a charge on self-defense. It is axiomatic that when properly requested the trial court must instruct the jury on every defensive theory raised by the evidence, and it makes no difference whether such evidence was produced by the State or the defense, or whether such evidence is strong, weak, unimpeached or contradicted. *Warren v. State*, 565 S.W.2d 931 (Tex.Cr.App.1978); *Booth v. State*, —— S.W.2d —— (Nos. 63,-872 and 63,873—June 13, 1984); *Dyson v. State*, 672 S.W.2d 460 (1984).

The confession reflected that the deceased became angry and was reaching for a machete. In *Barree v. State*, 621 S.W.2d 776 (Tex.Cr.App.1981) (Opinion on appel-

---

1. In McClung's "Jury Charges for Texas Criminal Practice" (1983) at p. 332, it is written: "The elements of provoking the difficulty—intent to provoke and act or words or both, calculated to provoke, and that did provoke ... are still required under the new Code (1974 Code). This is proper because it would be a bad rule to deprive a defendant of the right of self-defense if he unknowingly and innocently provoked a person (intent) into using force against him or if the act or words he used were innocuous and not reasonably calculated to produce a difficulty. Such elements are being still required: *Dirck* 579 SW(2) 198."

lant's motion for rehearing), it was implied that the evidence is sufficient to give a self-defense charge where the complainant threatened to use or attempted to use his weapon. We find the evidence was sufficient to justify the charge on self-defense in the instant case. *Jones v. State,* 544 S.W.2d 139 (Tex.Cr.App.1976). The error in giving the charge on provoking the difficulty was not harmless as urged by the State.

We conclude that the trial court erred in giving the provoking the difficulty charge over objection under the circumstances presented. The judgments of the trial court and the Court of Appeals are reversed, and the cause is remanded to the trial court.