**Lucille RIGHI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–182A CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 15, 1984.

Discretionary Review Refused
July 3, 1985.

Donald M. Brown, D.O. Van Buren, Conroe, for appellant.

James Keeshan, Dist. Atty., Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was found guilty by a jury of intentionally and knowingly, by omission, engaging in conduct that caused serious physical deficiency and impairment to her natural child, who is younger than fourteen years of age, by failing to provide necessary food and medical attention. The jury assessed punishment at six years in the Texas Department of Corrections.

In her first ground of error, Appellant argues that there was insufficient evidence to sustain the jury's finding of guilt of knowingly and intentionally, by omission, engaging in conduct that caused serious deficiency and impairment to the child. The briefest sketch of this record lucidly demonstrates that the child suffered multiple injuries. Testimony from a physician showed she was suffering from battered child syndrome. She had four fractures and two large black eyes. The child had sustained serious second degree burns on her back. There was strong evidence that the child was being starved as a form of punishment. She had a protruding abdomen even when she was flat on her back which is a determinative sign showing protein energy malnutrition. There was also evidence of a skull fracture. Testimony showed that the child appeared quiet and withdrawn. Additionally, the record shows that Appellant did not attempt to take the child to a medical facility for treatment for the burns. We think the testimonies of the pediatrician, the radiologist and the Department of Human Resources case worker were sufficient to sustain the jury's verdict that these deficiencies and impairments were caused by Appellant's omissions. We find that the evidence in this case satisfies the requirements of *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983) and *Freeman v. State,* 654 S.W.2d 450 (Tex.Crim.App.1983). We overrule Appellant's first ground of error.

Appellant argues in her second ground of error that the court erred in overruling Appellant's motion for mistrial based on the ground that no instruction could cure the harm done by improper admission of Appellant's involuntary statement resulting from custodial interrogation. The confession was admitted subsequent to a *Jackson v. Denno* hearing. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Appellant testified at trial that the confession was coerced. The State failed to rebut her contentions. The court withdrew the confession from evidence and instructed the jury to disregard and not to consider it for any purpose.

**910**

In view of the nature and wording of Appellant's statement and in view of the charge of the court, which was direct, clear and mandatory, we find no reversible error. *Harper v. State,* 533 S.W.2d 776 (Tex.Crim. App.1976). We believe that the jury could properly follow the judge's instructions. We overrule Appellant's second ground of error.

Appellant's third and fourth grounds of error argue that the trial court erred in denying her motion for mistrial based on the admission of her husband's extra-judicial confession and the cumulative effect of both Appellant's confession and her husband's extra-judicial confession. *TEX.CODE CRIM.PROC.ANN. art. 38.22* (Vernon 1979 and Supp.1984) provides that the limitations of the statute apply only to statements that are the product of custodial interrogations. Hence, a voluntary oral statement is admissible if it is not the "result of" or does not "stem from custodial interrogation". *May v. State,* 618 S.W.2d 333 (Tex.Crim.App.1981). Generally, then, voluntary oral statements although spoken in the county jailhouse, are now admissible under *Art. 38.22, supra.* We overrule Appellant's third and fourth grounds of error.

In grounds of error five and six, Appellant complains that the trial court refused to include requested charges on recklessly engaging or negligently engaging in the conduct of which Appellant was convicted. The testimony of Appellant indicates that she was fully aware of the burns on her child's back and of the black eyes the child sustained as well as the other injuries the child had experienced. The record demonstrates that Appellant perceived that her care of the injuries was not proper. Further, testimony shows Appellant at first refused and only later reluctantly allowed the case worker from the Texas Department of Human Resources, when accompanied by officers from the sheriff's office, to observe the entirety of the child's body. It was then that the second degree burns on the child were discovered. For the accused to be entitled to a charge on a lesser included offense, the lesser included offense must be included within the proof necessary to establish the offense charged. Further, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442 (Tex.Crim.App.1981). Reviewing this record coupled with the definitions of the culpable mental states found in *TEX.PENAL CODE ANN. sec. 6.03* (Vernon 1974), we find that it was not error for the trial court to decline the requested charge on recklessly engaging or negligently engaging in the conduct of which Appellant was convicted. We overrule Appellant's fifth and sixth grounds of error.

Appellant's seventh ground of error argues that the court erred in overruling Appellant's motion to suppress Appellant's statement because it was not taken in compliance with *Art. 38.22, sec. 2, supra.* This court was presented with the same issue in *Williamson v. State,* 679 S.W.2d 523 (Tex. App.1983) (not yet published), *rev'd on other grounds* 672 S.W.2d 484 (Tex.Crim.App. 1984). The confession forms in this case present no different problem from those found in *Williamson, supra.* We overrule Appellant's seventh ground of error.

Finding no reversible error, we affirm the judgment of the trial court. See companion opinion of this date on Joseph Righi.

AFFIRMED.