Ruben **MENCHACA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–84–00094–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1985.

David Duran, Carrizo Springs, for appellant.

Amado Abascal, III, Dist. Atty., Eagle Pass, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

After a jury found appellant guilty of murder, the trial judge sentenced him to 40 years' confinement.

Appellant challenges the conviction on grounds that the trial court improperly limited his claim of defense by including in the charge, over objection, instructions on provoking the difficulty and by failing to include in such instructions all the elements of the rule concerning provoking the difficulty.

Juan Manuel Garza, the only witness presented by the State, testified that when he arrived at a bar known as Lydia's Lounge at about 10:00 P.M. September 19, 1977, he saw the deceased, Adolfo Sifuentes, standing at the bar. Garza saw appellant, with two companions, enter the bar a short time later. Appellant approached Sifuentes "and there was some kind of argument, or they were arguing about something because eventually the lady at the bar asked them to leave the premises ... ".

Appellant and Sifuentes left the bar and Garza, who left a short time later, saw the "last part of the argument." Appellant appeared to be frightened and did not appear as if he wanted to fight anyone. After a scuffle, appellant ran away, with decedent in pursuit. Decedent chased appellant across the street, with three others joining in the pursuit. Garza was not certain whether the other three were also chasing appellant or whether they were trying to stop Sifuentes. Garza heard a gunshot and saw the flash from the gun. There were about thirty feet between the flash and Sifuentes. Appellant ran and Sifuentes, after taking a few steps, fell to the ground. Garza ran to the scene as some persons in a car drove up and placed Sifuentes in the car. Garza saw no weapons.

Onesimo Galan, a defense witness, said that he, appellant and Fred Rodriguez entered the bar and Sifuentes and several others, including a brother of Sifuentes, tried to "pick a fight." Galan saw Sifuentes chase appellant outside and heard the shot but did not see who fired it.

According to appellant, Sifuentes, who was in the bar when appellant entered, called to appellant and started giving him trouble. Appellant "did not want any trouble," so he, Galan and Rodriguez walked outside to appellant's parked car. Sifuentes, his brother and three others followed appellant and his companions outside and stopped them. Appellant was stopped from getting into his car by Sifuentes, who was pushing him. Appellant ran and was pursued by Sifuentes and two others, who were throwing beer cans at appellant. Sifuentes, armed with a knife, said he was going to "beat up" appellant. During the chase, appellant pulled out his pistol and fired one shot into the air. He was not shooting to hit Sifuentes, but only to scare him, and fired only that one shot.

On cross-examination appellant testified that he had taken the gun, which he had used for target practice that day, from his car after he had left the bar and before the confrontation outside. Although Sifuentes had threatened to beat appellant about a month before the shooting, appellant thought Sifuentes was joking.

■ There is no evidence that appellant felt any animosity toward Sifuentes or that he went to the bar looking for Sifuentes. There is nothing in the record to suggest that appellant provoked the difficulty in any way. The trial court erred in submitting, over appellant's objections, a charge on provoking the difficulty. *See Williamson v. State,* 672 S.W.2d 484 (Tex.Crim. App.1984); *Stanley v. State,* 625 S.W.2d 320 (Tex.Crim.App.1981).

■ Since appellant interposed a timely and proper objection to the erroneous portion of the charge, the error requires a reversal unless it can be classified as harmless. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985).

A charge on provoking the difficulty, if not called for by the evidence, results in an unwarranted limitation on the right of self-defense. *Tave v. State,* 620 S.W.2d 604, 605 (Tex.Crim.App.1981). A review of the charge in this case reveals several defects. The charge failed to include all of the essential elements of the doctrine of provoking the difficulty, because it did not require the finding of an intent to provoke. *See Dirck v. State,* 579 S.W.2d 198, 203 (Tex. Crim.App.1978). Since appellant did not object to the charge on this ground, under *Almanza v. State,* 686 S.W.2d at 171, this defect requires a reversal only if the error is so egregious and resulted in such harm that, a review of the entire record reveals that appellant was denied a fair trial.

Bearing in mind the somewhat esoteric distinction which the *Almanza* opinion attempted to draw between error which merely results in harm and error which results in a denial of a fair trial, we conclude that the unwarranted charge on provoking the difficulty and the serious defect contained in the charge as given cannot be separated. After reviewing the entire record we conclude that the combination of errors cannot be classified as harmless and that the combined effect of the errors compels the conclusion that the defects in the trial are so egregious that appellant was denied a fair and impartial trial. Appellant's first ground of error, which complains of the giving of the charge, even had it been correctly framed, and his second ground of error, which complains of the serious defect in the wording of the charge, are both sustained.

■ Appellant's third, fourth and fifth grounds of error assert that the charge was fundamentally erroneous because it failed to require the jury to find, before they could find appellant guilty of murder, that he was not acting under the influence of sudden passion. This claimed defect in the charge was not called to the attention of the trial court in any manner by appellant.

There is no evidence in the record which raises the question of voluntary manslaughter. Appellant testified that he fired his pistol only once, and that he fired it into the air solely for the purpose to stop Sifuentes from chasing him. The opening statement to the jury by appellant's counsel makes it clear that appellant was relying solely on his right of self-defense.

Viewing the entire record, as required by *Almanza,* we find that the error complained of in appellant's third, fourth and fifth points did not create such harm as to deny appellant a fair and impartial trial. *See Moore v. State,* 694 S.W.2d 528 (Tex. Crim.App.—1985) (not yet reported).

Because of the errors resulting from the giving of the unwarranted and seriously defective charge on provoking the difficulty, the judgment of the trial court is reversed and the cause is remanded for a new trial.