**Danny GILMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–01285–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 1994.

Thomas W. McQuage, Galveston, for appellant.

B. Warren Goodson, Jr., Houston, for appellee.

Before MURPHY, ELLIS and SMITH (Sitting by Designation), JJ.

## OPINION

ELLIS, Justice.

Appellant, Danny Gilmore, appeals his judgment of conviction for aggravated assault. *See* TEX.PENAL CODE ANN. § 22.02 (Vernon Supp.1994). The jury rejected his plea of not guilty and assessed punishment at eight (8) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On May 2, 1991, a group of young men were congregated outside the Cedar Terrace Housing Projects in Galveston. About 2:00 p.m., appellant and his girlfriend drove up

alongside the Cedar Terrace curb. Appellant beckoned his friend, John Edward Thompson, known as "Cracker," to approach his car. While appellant and Cracker were talking, the group of boys were making gestures and comments. Cracker advised appellant to leave, and then returned to the group.

Some members of the group thought that Cracker was sending them a message from appellant. One of the boys, Edward Gitrey, said something to appellant, such as, "tell us yourself," or, "if you want to be bad, step out on the street." A cursing argument ensued between appellant and the group. Appellant reached in the back seat for his shotgun and pointed it toward the group. When he cocked the gun, the boys scattered. John Tisino had just approached the group on his bicycle and was shot in the leg while trying to ride away. It was for this shooting that appellant was found guilty of aggravated assault.

Appellant asserts four points of error. First, the trial court erred in granting the State's motion *in limine* to exclude any cross examination of the complaining witness with regard to his prior juvenile adjudication of guilt of attempted murder and his incarceration for that offense at the time of appellant's trial. Second, the trial court erred in granting the State's motion *in limine* excluding the offer of any evidence suggesting that State witnesses were members of gangs of local notoriety, including the proffered testimony of Galveston police officers to that effect. Third, the trial court erred in charging the jury, over appellant's objection, to find against appellant's claim of self-defense if they found that he provoked the incident, because that issue was not raised by the evidence. Fourth, the trial court erred in refusing to charge the jury on the lesser included offense of reckless conduct.

■■■ First, appellant asserts that the trial court erred in granting the State's motion *in limine* excluding any cross examination of the complaining witness about his juvenile record. In its motion, the State explained to the court that John Tisino, the complaining witness who was shot in the leg, was incarcerated in the Texas Youth Commission for attempted murder with a gun. Although

there was no offer of proof at trial to that effect, when the State admits that its witness has a criminal history, then moves *in limine* to exclude it, the defendant does not have to make an offer of proof of those very facts in order to preserve error. *Aleman v. State*, 795 S.W.2d 332, 334 (Tex.App.—Amarillo 1990, no pet.). The reasoning behind this policy is that it would be inconsistent for the State to raise the issue of a witness' criminal history, admit that its records showed a conviction, then complain on appeal that appellant failed to prove the conviction. *Id.* Therefore, appellant has preserved error on this issue.

The Texas Family Code provides that juvenile records can only be used in certain circumstances. Tex.Fam.Code Ann. § 51.-13(b) (Vernon 1986) reads:

> (b) The adjudication or disposition of a child or evidence adduced in a hearing under this title may be used only in subsequent proceedings under this title in which the child is a party or in subsequent sentencing proceedings in criminal court against the child to the extent permitted by the Texas Code of Criminal Procedure, 1965.

Therefore, juvenile records can only be admitted under two circumstances: (1) in subsequent family code proceedings where the child is a party; or (2) for the purposes of sentencing the child for a crime under the Texas Code of Criminal Procedure. This case does not fall under either of those circumstances.

Furthermore, the Texas Court of Criminal Appeals has held that a witness' juvenile records cannot be used for impeachment. *Rivas v. State*, 501 S.W.2d 918, 920 (Tex. Crim.App.1973); *see also Hall v. State*, 745 S.W.2d 579, 583 (Tex.App.—Fort Worth 1988, pet. ref'd). However, appellant cites *Davis v. Alaska*, 415 U.S. 308, 319, 94 S.Ct. 1105, 1111–12, 39 L.Ed.2d 347 (1974) for the proposition that a State's interest in protecting the anonymity of juvenile offenders is inferior to the right of cross examination protected by the Confrontation Clause. He argues that his constitutional right to confrontation was violated when the trial court

refused to allow him to cross examine John Tisino about his juvenile record in light of his self-defense claim. Appellant testified at trial that Tisino was coming at him on his bicycle, displaying a gun tucked in his pants, while Tisino denied that he even possessed a gun. Appellant claimed that he only shot Tisino out of fear that Tisino was going to shoot him. He asserts that *Davis* allows admission of juvenile records when the right to confrontation would be violated otherwise. We agree.

However, *Davis* is distinguishable from the case at bar. In *Davis*, Richard Green was a crucial witness for the prosecution who was on probation by order of a juvenile court after having been adjudicated a delinquent for burglary. *Id.* at 310–11, 94 S.Ct. at 1107–08. The defendant was charged with burglary and the stolen property was found near Green's home. *Id.* at 309, 94 S.Ct. at 1107. The Supreme Court explained that when Green testified for the State, he could have been acting out of fear or concern of possible jeopardy to his probation. The Court wrote:

> Not only might Green have made a hasty and faulty identification of petitioner to shift suspicion away from himself as one [sic] who robbed the Polar Bar, but Green might have been subject to undue pressure from the police and made his identifications under fear of possible probation revocation.

*Id.* at 311, 94 S.Ct. at 1108.

In this case, Tisino could not have been trying to shift the suspicion away from himself because he was the victim. Furthermore, Tisino was not on probation, therefore, the element of fear of probation revocation was absent. The Texas Court of Criminal Appeals has distinguished *Davis* on similar grounds, holding that Texas' statute precluding admission of juvenile records into evidence still prevails. *Warren v. State*, 514 S.W.2d 458, 465 (Tex.Crim.App.1974), *overruled on other grounds by Reed v. State*, 744 S.W.2d 112 (Tex.Crim.App.1988). In *Warren*, there was no showing of the witness' probationary status and it appeared that the only reason for questions concerning the juvenile records was general impeachment. The Court of Criminal Appeals held that

*Davis* does not encompass general impeachment. *Id.* It is apparent in this case that Tisino's juvenile record would only be used for general impeachment since he was not on probation.

*Davis* is further distinguished because Richard Green was a crucial witness. He identified the defendant in a lineup and testified that he saw the defendant near where the stolen property was found. *Davis*, 415 U.S. at 309–10, 94 S.Ct. at 1107–08. The accuracy and truthfulness of Green's testimony were key elements in the State's case because his testimony was "a crucial link in the proof ... of petitioner's act." *Id.* at 317, 94 S.Ct. at 1111. In the instant case, Tisino was not a crucial witness to the State's prosecution. Two other witnesses testified to the same effect as Tisino, therefore, the credibility of Tisino was not key to the case as was Green's credibility in the *Davis* case. We hold that the present case falls under *Warren*, and that *Davis* does not apply.

Appellant also argues that the evidence of Tisino's juvenile records is necessary to show that Tisino was the aggressor. However, we hold that unless the right of confrontation is violated as it was in *Davis*, the family code rule against admission of juvenile records prevails. We overrule appellant's first point of error.

■ In his second point of error, appellant asserts that the trial court erred in granting the State's motion *in limine* excluding the offer of any evidence suggesting that State witnesses were members of gangs of local notoriety, including the proffered testimony of Galveston police officers to that effect. Appellant places this point of error under the same "Argument and Authorities" section as his first point of error, but there are no argument or authorities supporting it. The entire section is dedicated to the first point of error. Because there are no arguments or authorities to support the second point of error, we hold that it is waived. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983); *Bayliss v. Cernock*, 773 S.W.2d 384, 387 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

■ Appellant contends in his third point of error that the trial court erred in charging

the jury, over appellant's objection, to find against his claim of self-defense if they found that he provoked the incident, because that issue was not raised by the evidence. The charge in question was as follows:

You are further instructed as part of the law of this case, and as a qualification on the law of self-defense, that, if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, DANNY GILMORE, immediately before the difficulty then and there did some act, or used some language, or did both, if any, with the intent to produce the occasion to bring on the difficulty and shoot John Tisino, and that such conduct on defendant's part, if there was such, was reasonably calculated to, and did, provoke a difficulty, and that the defendant then shot the said John Tisino in pursuance of his original design, if you find there was such; or if the defendant provoked the difficulty that resulted in the shooting of John Tisino, and by his own wrongful act, if any, produced a necessity for shooting John Tisino, and you so find beyond a reasonable doubt, you will find against the defendant's claim of self-defense.

■ We agree with appellant that a jury instruction on provoking the difficulty should not be submitted to the jury unless: (1) self-defense is an issue; (2) there are facts in evidence which show that the victim made the first assault on the defendant; and (3) the defendant, in order to have a pretext for killing or inflicting bodily injury on the victim, did some act or *used some words* intended to and calculated to bring on the difficulty. *Williamson v. State,* 672 S.W.2d 484, 486 (Tex.Crim.App.1984) (emphasis added). Both parties agree that the first two prongs are met. With regard to the third prong in *Williamson,* appellant simply states in his brief, "[t]here is no such evidence here." However, our review of the record indicates that such evidence was present at trial. Appellant himself testified that when Cracker walked back to the group, one of the group members said, "F___ that nigger," so he responded with, "F___ you." When someone

in the group said, "Get out of the car," appellant replied, "No. You come out here." This testimony is evidence of words used by appellant intended to bring about the difficulty. By inviting the members of the group to approach him, appellant was provoking the difficulty. This is sufficient evidence to provide for a provoking the difficulty charge, therefore, appellant's third point of error is overruled.

■ In his fourth point of error, appellant argues that the trial court erred in refusing to charge the jury on the lesser included offense of reckless conduct. A charge on a lesser included offense is required where: (1) the lesser offense is included within the proof necessary to establish the offense charged; and (2) where there is some evidence that appellant, if guilty, is guilty only of the lesser included offense. *Bell v. State,* 693 S.W.2d 434, 439 (Tex.Crim.App. 1985). Reckless conduct is included within the proof necessary to establish the offense charged, aggravated assault, therefore, the first prong is met. *Id.* However, the second prong is not met because defendant himself testified that he was aiming at Tisino when he fired the gun. Since he was aiming at Tisino, the act was *intentional,* not *reckless,* and no instruction on reckless conduct was necessary. Appellant's fourth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.