In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00086-CR

                                                ______________________________

 

 

                               GERALD MILLARD MARSH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 37595-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Gerald
Millard Marsh appeals his conviction for manslaughter of Felicia Smith,
sentence of fifteen years’ imprisonment, and fine of $10,000.00 on the sole
ground that the trial court erred in denying Marsh the right to introduce
evidence of the juvenile record of Marcus Smith, a witness.  We affirm the trial court’s judgment. 

            The
following facts are not in dispute. 
Felicia was staying with Marsh in his home.  During the night, Marcus and his friend Keith
Bates paid a visit to Felicia to “[s]ee if she wanted to come drink with us.”  Marsh answered the knocking at the door and
announced that he did not want Marcus in his home and desired that he
leave.  A fracas arose among the people
who were there (with Marsh fighting both Felicia and Marcus), ending up with
Felicia, Marcus, and Bates being located on the front yard and Marsh inside the
house.  Marsh retrieved a gun from within
the home, and seeing a “silver thing” in Felicia’s hand which he said he
believed at the time might have been a pistol, fired several shots through the
open front door,[1]
resulting in the gunshot death of Felicia. 


            As
to the death of Felicia, Marsh was charged with murder, manslaughter, and
aggravated assault; he was also charged with the aggravated assault with a
deadly weapon of Marcus.[2]  The charges against Marsh as to the alleged
crimes against Felicia and the crime against Marcus were tried together.  Marsh asserted a self-defense claim,
testifying that Marcus and Felicia assaulted him after Marcus was asked to
leave.  Marsh wanted to introduce,
through his own direct testimony, a juvenile adjudication on Marcus’ record for
attempted capital murder.[3]  The purpose stated at trial for the
introduction of the records was to establish that his fear of Marcus was
reasonable.  The trial court allowed
Marsh to testify to Marcus’ character through opinion and reputation testimony,
but ruled the juvenile adjudication and underlying facts of the attempted
capital murder inadmissible.  Marsh
complains that the trial court’s ruling “denying the defendant the right to
cross examine Marcus Smith about his juvenile adjudication for attempted
capital murder in light of defendant’s claim of self-defense” was in error.[4]  

            The
sole reason stated at trial for which Marsh sought to admit Marcus’ juvenile
adjudication was to support his theory of self-defense.[5]  

Application of Rules 403 and 404 of the Texas Rules of Evidence  

            A
trial court’s decision to admit or exclude evidence is reviewed only for abuse
of discretion.  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); Willover v. State, 70 S.W.3d 841, 845
(Tex. Crim. App. 2002).  A trial court
does not abuse its discretion if the decision to admit evidence is within the
“zone of reasonable disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g). 
We may not substitute our own decision for that of the trial court.  Moses
v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  If the trial court’s decision on the
admission of evidence is supported by the record, there is no abuse of
discretion, and the trial court will not be reversed.  Osbourn
v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); Montgomery, 810 S.W.2d at 379. 


            In
instructing Marsh not to testify about Marcus’ juvenile adjudication concerning
the prior murder, the trial court stated:

The Court finds that even if that evidence is
probative, the danger of unfair prejudice substantially outweighs any probative
value.  Further, the Court finds that
those specific instances of conduct would be introduced merely just to show
conformity with character and do not go to the issue at hand.

 

Thus, it appears the trial
court’s ruling was based upon application of Rules 403 and 404.[6]


            As
to Rule 403, the court felt that even if the specific instance of conduct––an
attempted capital murder which occurred over sixteen years ago––had probative
value on the issue of self-defense, the probative value was substantially
outweighed by the danger of unfair prejudice. 
Our review of Marsh’s brief reveals that there is no challenge to the
trial court’s discretionary Rule 403 ruling. 
McDonald, 179 S.W.3d at 576 (trial
court’s decision to admit or exclude evidence reviewed only for abuse of
discretion)[7];
Willover, 70 S.W.3d at 845.  One must raise specific objections at trial
in order to preserve them for appeal.  See Paredes v. State, 129 S.W.3d
530, 535 (Tex. Crim. App. 2004).  An
appellant must attack all independent grounds supporting a trial court’s
ruling.  Dinger v. State, No. 12-06-00190-CR, 2007 WL 2257936, at *2 (Tex.
App.—Tyler Aug. 8, 2007, pet. ref’d) (mem. op., not designated for publication)
(“Appellant challenges the trial court’s ruling that the evidence was not
relevant to punishment under article 37.07.  However, even if the evidence was relevant to punishment
under article 37.07, evidence that runs afoul of Rule 403 may (and should)
still be excluded. . . . Because the unchallenged Rule 403 ground supports the
trial court’s overall ruling, we do not address whether the evidence was, in
fact, relevant to punishment under article 37.07.”  (Citations omitted.)); Ortiz v. State, No.03-02-00520-CR, 2004 WL 437772, *4 (Tex.
App.—Austin Mar. 11, 2004, no pet.) (mem. op., not designated for publication)
(“If relevant as presented, the trial court ruled that it did not meet the
balancing test under Rule 403.  Appellant
acknowledges the Rule 403 decision but has not challenged that ruling by
briefing the issue.  We find no abuse of
discretion on the part of the trial court.” 
(Citations omitted.)); see Taylor
v. State, No. 05-09-00645-CR, 2010 WL 2927471, at *1 (Tex. App.—Dallas July
28, 2010, pet. ref’d) (mem. op., not designated for publication) (Affirming
because appellant did not provide adequate briefing on one possible basis for
denial of a motion to suppress.  In so
holding, court stated, “We will not make appellant’s arguments for him.”); Walker v. State, No. 05-08-01134-CR,
2009 WL 3353627, at *3 (Tex. App.—Dallas Oct. 20, 2009, no pet.) (mem.
op., not designated for publication) (“in order to preserve an issue for
appeal, the appellant must raise all issues or points on appeal in their brief.”
 Tex.
R. App. P. 38.1(h)).  Therefore,
if the trial court’s ruling can be sustained on an independent ground the
appellant must challenge all of the grounds on appeal.  See
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)
(defendant must challenge each ground on which the trial court relies on to
rule against the defendant because one sufficient ground supports trial court’s
order).[8]  

            We
also point out that even had the trial court’s ruling been in error, we fail to
see that (given the manslaughter verdict rendered by the jury) it would have
caused harm to Marsh.  A person is guilty
of manslaughter if he recklessly[9]
causes the death of an individual.  Tex. Penal Code Ann. § 19.04 (Vernon
2011).  Self-defense renders the use of
force against another “when and to the degree the actor reasonably believes the
force is immediately necessary to protect the actor against the other’s use or
attempted use of unlawful force.”  Tex. Penal Code Ann. § 9.31 (Vernon
2011).  Because the actor, in deciding to
employ self-defense, must make a decision that the use of force is immediately
necessary for protection, the resulting action is intentional or knowing.  For this reason, courts have stated that one
cannot act accidentally or recklessly when acting in self-defense.  Nevarez
v. State, 270 S.W.3d 691, 695 (Tex. App.—Amarillo 2008, no pet.); Martinez v. State, 16 S.W.3d 845, 848
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (citing Avila v. State, 954 S.W.2d 830, 838–39 (Tex. App.—El Paso 1997,
pet. ref’d) (holding intentional conduct implicit in claim of self-defense); Johnson v. State, 915 S.W.2d 653, 659
(Tex. App.—Houston [14th Dist.] 1996, pet. ref’d); see also Alonzo v. State, 328 S.W.3d 19 (Tex. App.—Corpus Christi
2010, pet. granted).  Because
self-defense could not be utilized to justify manslaughter (the crime for which
Marsh was convicted), Marsh was not entitled to introduce Marcus’ juvenile
adjudication for that charge on the basis of self-defense and could not have
served to exculpate Marcus of the crime for which he was convicted.  

            We affirm the trial court’s
judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May 23, 2011

Date Decided:             June 10, 2011

 

Publish











[1]Marsh
characterized these as “warning shots” and maintained that he was attempting to
shoot over the heads of the brother and sister duo. 

 





[2]Marsh
was convicted of the aggravated assault with a deadly weapon of Marcus.  That conviction is also the subject of a
simultaneous appeal to this Court (our docket number 06-10-00102-CR).  The same record has been submitted for both
cases and the briefs submitted on each case are virtually identical. 

 





[3]This
murder, as described in Mosley v. State,
983 S.W.2d 249 (Tex. Crim. App. 1998), was quite cold-blooded.

 





[4]Marsh
did not attempt to cross-examine Marcus about his juvenile record as suggested
by the point of error.  Prior to Marcus’
examination, Marsh entered into an agreement with the State that he would not
mention the juvenile adjudication.  

 





[5]On
appeal, a second argument is posited, that being that the trial was essentially
a swearing match between Marsh and Marcus as to the events which transpired and
that Marcus’ “status as a convicted party to capital murder would undoubtedly
have an effect on a jury weighing conflicting evidence.”  Marsh did not express that reason to the trial
court.  The specific grounds of an
objection must be stated if it is not apparent from the context in which the
objection is raised.  Tex. R. Evid. 103(a); Morales v. State, 951 S.W.2d 59, 62
(Tex. App.—Corpus Christi 1997, no pet.).  An appellant’s trial objection must be timely
and specific, and it must comport with his objection on appeal, or error is
waived.  Tex. R. App. P. 33.1(a)(1)(A); Gallo v. State, 239 S.W.3d 757 (Tex. Crim. App. 2007).  Not having advanced this argument to the trial
court, it was waived.





[6]Rule
404 of the Texas Rules of Evidence prohibits the use of character evidence to
show character conformity.  Evidence of “other
crimes, wrongs or acts” may be admissible if it has relevance apart from its
tendency “to prove the character of a person in order to show action in
conformity therewith.”  Tex. R. Evid. 404(b).  Rule 404(b) contains an illustrative, but not
exhaustive, list of relevant and permissible uses of such evidence (“proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident”).  If the
evidence of other misconduct is met by a proper objection, the burden is on the
proponent to demonstrate that the challenged evidence has relevance beyond its
tendency to show character conformity.  Montgomery, 810 S.W.2d at 387.  Aside from self-defense, no argument was
advanced by Marsh attempting to demonstrate admission for a purpose other than
to show a tendency toward undesirable character conformity.  Moreover, Rule 404(a)(3) provides the
admission of character evidence is subject to Rule 609.  Rule 609 of the Texas Rules of Evidence
permits the credibility of a witness to be attacked with evidence of the
witness’s conviction for a felony or crime involving moral turpitude.  Tex. R.
Evid. 609(a).  However, evidence
of juvenile adjudications is ordinarily not admissible for impeachment
purposes.  Tex. R. Evid. 609(d). 
The reason for this rule is that juvenile adjudications are not
convictions.  Tex. Fam. Code Ann. § 51.13(a) (Vernon 2008).  In limited circumstances, the constitutional
right to cross-examination may require a juvenile adjudication to be
admitted.  Foster v. State, 25 S.W.3d 792, 795 (Tex. App.—Waco 2000, pet. ref’d).
 For example, a pending juvenile charge
may be admissible on cross-examination to show the motive or bias of the
witness to testify favorably for the State. 
Carmona v. State, 698 S.W.2d
100, 102 (Tex. Crim. App. 1985); Harris
v. State, 642 S.W.2d 471, 476 (Tex. Crim. App. 1982).  Also, a defendant is permitted to
cross-examine a crucial witness regarding his juvenile record for the limited
purpose of showing bias where the witness was on probation for the juvenile
crime while assisting the police and testifying in court.  Davis v.
Alaska, 415 U.S. 308 (1974). 
Defendants are not, however, permitted to cross-examine a witness
regarding prior juvenile adjudications for general character impeachment
purposes.  Foster, 25 S.W.3d at 795; Gilmore
v. State, 871 S.W.2d 848, 851 (Tex. App.—Houston [14th Dist.] 1994, no
pet.).  During trial, Marsh failed to
advance motive or bias as a reason supporting admissibility of Marcus’ juvenile
record.  

 





[7]We will uphold the trial court’s ruling on
the admission or exclusion of evidence if the ruling was proper under any legal
theory or basis applicable to the case.  See Martinez v. State, 91 S.W.3d 331,
336 (Tex. Crim. App. 2002).  





[8]Although
these unpublished cases have no precedential value, we may take guidance from them “as an aid in
developing reasoning
that may be employed.”  Carrillo v. State, 98 S.W.3d 789, 794
(Tex. App.––Amarillo 2003, pet. ref’d).

 





[9]“A
person acts recklessly, or is reckless, with respect to circumstances
surrounding his conduct or the result of his conduct when he is aware of but
consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur.” 
Tex. Penal Code Ann. §
6.03(c) (Vernon 2011).